UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-203-GWU

RUBY BANKS,                                                          PLAINTIFF,

VS.                        **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                        DEFENDANT.

### INTRODUCTION

The plaintiff brought this action  to obtain judicial review of an administrative

denial of her applications for Supplemental Security Income (SSI) and Disability

Insurance Benefits (DIB).  The appeal is currently before the Court on cross-motions

for summary judgment.

### APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.  Is the claimant currently engaged in substantial gainful activity?
    If yes, the claimant is not disabled.  If no, proceed to Step 2.
    See 20 C.F.R. 404.1520(b), 416.920(b).

2.  Does the claimant have any medically determinable physical
    or mental impairment(s)?  If yes, proceed to Step 3.  If no, the
    claimant is not disabled.  See 20 C.F.R. 404.1508, 416.908.

3.  Does the claimant have any severe impairment(s)--i.e., any
    impairment(s) significantly limiting the claimant's physical or
    mental ability to do basic work activities?  If yes, proceed to

1

Banks

Step 4.  If no, the claimant is not disabled.  <u>See</u> 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.      Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months?  If yes, proceed to Step 5.  If no, the claimant is not disabled. <u>See</u> 20 C.F.R. 404.920(d), 416.920(d).

5.      Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled.  If no, proceed to Step 6.   <u>See</u> 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.      Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work?  If yes, the claimant was not disabled.  If no, proceed to Step 7.   <u>See</u> 20 C.F.R. 404.1520(e), 416.920(e).

7.      Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy?  If yes, the claimant is not disabled.   <u>See</u> 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

<u>Garner v. Heckler</u>, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply.  Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

2

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  <u>Garner</u>, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  <u>Bowie v. Secretary</u>, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  <u>Cf. Houston v. Secretary of Health and Human Services</u>, 736 F.2d 365, 367 (6th Cir. 1984); <u>King v. Heckler</u>, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  <u>Hardaway v. Secretary</u>, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  <u>Jones</u>, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. Section 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively

Banks

established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

4

Banks

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most

5

Banks

of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency may be required to consult a vocational specialist.  Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's

6

Banks

physical and mental impairments.   Varley  v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Court notes, at the outset, that the ALJ found that the plaintiff could return to her past relevant work; indeed, all of the ALJs who handled various stages of the plaintiff's ongoing appeal relied upon Banks' supposed ability to return to past work. (Tr. 37, 313, 409). However, the vocational expert testimony supporting this finding did not address the length of time which the jobs identified as "past relevant work" were actually held by the plaintiff. Patently, Banks' own statements raised an issue with regard to time for which the gift wrapping and golf maintenance positions were held. Uncontradicted statements indicate that the wrapping job was a short-term seasonal job (Tr. 78, 569-570) not occupied for more than a few months. A similar issue exists with regard to the length of employment for the golf course maintenance position (see Tr. 78).  Thus, the elimination of two out of the four past jobs identified by the most recent vocational expert (Tr. 614) would appear significant.

Although the current ALJ did not expressly deal with the plaintiff's DIB (as opposed to SSI) claim, the Court will assume for the sake of argument that the ALJ's adoption of the "summary of evidence" from prior agency decisions (Tr. 32) was sufficient to constitute findings for the DIB period as well.  Nevertheless, the only detailed physical functional capacity assessment addressing the plaintiff's primary

7

Banks

complaints (relating to her musculoskeletal system) during the DIB-related period from 1995 through March, 1998 came from an agency medical reviewer.[1] This physician cited a light level exertional capacity with several postural restrictions (Tr. 117-124), more physical restrictions than were mentioned to the most recent vocational expert, who expressed his opinion that Banks could return to past relevant work (Tr. 615). The exertional level cited by the medical reviewer would, by itself, preclude the laundry work job which the expert clearly identified as medium level exertion. (Tr. 614). The medical reviewer's markings regarding the capacity to stand and walk (Tr. 118) were also apparently inconsistent with the plaintiff's statements about walking and standing required for the cashier's job (Tr. 79), an issue not addressed by the expert witness. Thus, the evidence relating to the DIB claim does not support a finding that the plaintiff would be able to return to past work.

With regard to the period pertinent to the SSI application, unresolved issues remain as well. In view of the fact that Craig Leicht was a treating physician who had seen the patient over a long period of time, recorded physical examination findings, performed injections, and prescribed medications, the ALJ's rejection of his opinion was problematic. She made a statement, possibly appearing to reject the physician's opinion at one point on the basis of having not seen the patient after December,

---

[1]There were more vague statements from the treating sources. However, as they seem to reflect repeated assertions that the plaintiff would be temporarily unable to return to work (e.g., Tr. 218, 229, 233), they do no necessarily support the agency decision.

Banks

2002 (Tr. 34); yet the consultative examiner saw the plaintiff only once and before that date. She appeared to refer to the paucity of abnormal physical examination findings by Leicht (Tr. 36), despite the fact that the physician referred to tenderness, trigger points, as well as spasm and reflex findings (e.g., Tr. 384, 387, 390, 393, 396, 468, 471, 480). Nor did she examine whether the opinion of the consultative examiner (Tr. 499), who had repeatedly referred to the plaintiff's "incomplete" recovery from a recent motor vehicle accident (Tr. 498, 499) was issuing a projected assessment–in light, for example, of his findings regarding Banks' inability to fully squat during his examination (Tr. 497) and his indication on the form that the plaintiff could "frequently" squat (Tr. 499). Since Leicht himself cited a number of severe restrictions which would severely limit even sedentary work (Tr. 376-378) and made repeated references in his progress notes at least with regard to standing (Tr. 475, 486, 488, 492) which would preclude the cashier's job, this issue needs to be addressed on remand as well.

This the 7th day of March, 2007.



**Signed By:**

_**G. Wix Unthank**_

**United States Senior Judge**

9